STROOCK & STROOCK & LAVAN LLP
Attorneys for the Debtors
and Debtors-in-Possession
Lawrence M. Handelsman (LH-6957)
Eric M. Kay (EK-1515)
Omeca N. Nedd (ON-0769)
180 Maiden Lane
New York, New York 10038
Telephone: (212) 806-5400
Facsimile: (212) 806-6006

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| THE BROOKLYN HOSPITAL CENTER | : | |
| and CALEDONIAN HEALTH CENTER, INC., | : | Case No. 05-26990 (cec) |
| | : | and Case No. 05-26992 (cec) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

---------------------------------------------------------------x

**SECOND SUPPLEMENTAL APPLICATION FOR AN ORDER AUTHORIZING
EXPANDED RETENTION AND EMPLOYMENT OF ERNST & YOUNG LLP
AS ACCOUNTANTS AND AUDITORS FOR THE DEBTORS PURSUANT
TO FEDERAL RULES OF BANKRUPTCY PROCEDURE 2014(a)
AND 2016 AND SECTION 327(a) OF THE BANKRUPTCY CODE**

TO THE HONORABLE CARLA E. CRAIG,
CHIEF UNITED STATES BANKRUPTCY JUDGE:

The Brooklyn Hospital Center ("**TBHC**") and Caledonian Health Center, Inc. ("**CHC**," and together with TBHC, the "**Debtors**"), debtors and debtors-in-possession, hereby submit this application for entry of an order, pursuant to section 327(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), and Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), authorizing the Debtors to expand further the retention of Ernst & Young, LLP ("**E&Y LLP**") to provide additional accounting and auditing services (this "**Application**") pursuant to the terms and conditions set forth in the agreements

between the Debtors and E&Y LLP attached hereto as Exhibits A-1, A-2 and A-3 (collectively, the "**Engagement Letters**")[1] or as the Debtors, in an exercise of their sound business judgment, deem necessary and in the best interest of their estates. In support of this Application, the Debtors respectfully represent as follows:

## JURISDICTION

1.     This Court has jurisdiction over this Application pursuant to 28 U.S.C. § 1334 and the "Standing Order of Referral of Cases to Bankruptcy Judges" for the Eastern District of New York, dated July 10, 1984 (Weinstein, Chief Judge). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of these proceedings and this Application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2.     The relief sought in this Application is based upon sections 327(a) of the Bankruptcy Code and Bankruptcy Rules 2014 and 2016.

## BACKGROUND

3.     On September 30, 2005 (the "**Petition Date**"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "**Chapter 11 Cases**"). Pursuant to an order of this Court, the Chapter 11 Cases are being jointly administered for procedural purposes only. The Debtors continue to operate their businesses and manage their properties and assets as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these cases. On

---

[1] The Engagement Letters attached hereto as Exhibits A-1 and A-2 supersede the prior agreements between E&Y LLP and TBHC, dated February 20, 2006 and November 27, 2006, respectively, for the performance of accounting and auditing services related to TBHC's Annual Institutional Cost Report of Hospitals and Hospital Healthcare Complexes subsequent to the Petition Date. The Engagement Letter attached hereto as Exhibit A-3 is an addendum and amendment to the agreement between E&Y LLP and TBHC, dated November 27, 2006, which relates to TBHC's bad debt and charity care agreed upon procedures.

October 11, 2005, the United States Trustee appointed an official committee of unsecured creditors in the Chapter 11 Cases pursuant to section 1102 of the Bankruptcy Code (the "**Committee**").

4. TBHC is a full service, not-for-profit healthcare provider located in downtown Brooklyn. TBHC has been serving the Brooklyn community since its inception in 1845, making it the borough's first hospital. TBHC is a member of the New York-Presbyterian Healthcare System, and an affiliate of the Weill Medical College of Cornell University. CHC, a not-for-profit subsidiary of TBHC, is a network of clinical treatment centers that offers a full range of primary care and specialty care services to adults and children. The Debtors' staff consists of approximately 700 physicians, surgeons and residents, and over 500 nurses providing comprehensive medical services to the more than 250,000 people who visit the Debtors' facilities on a yearly basis.

5. On June 12, 2006, in response to an application filed by the Debtors on May 10, 2006 (the "**Original E&Y Application**"), the Court entered an Order authorizing the Debtors to employ and retain E&Y LLP as accountants and auditors (the "**Original E&Y Order**").[2] Pursuant to the Original E&Y Order and the engagement letters covered therein, E&Y LLP performed various accounting, auditing and compliance services for the Debtors with respect to the years ended December 31, 2004 and December 31, 2005.

6. On February 15, 2007, the Debtors filed a supplemental application seeking to expand the scope of the E&Y LLP retention to include the performance of services set

---

[2] Pursuant to an order entered on November 3, 2005, the Debtors originally were authorized to retain E&Y LLP as an ordinary course professional, *nunc pro tunc* to the Petition Date. As the Debtors sought to broaden the scope of the services E&Y LLP would provide in the Chapter 11 Cases, it was determined that the Debtors should seek to employ and retain E&Y LLP specifically under Bankruptcy Code section 327(a).

3

SSL-DOCS1 1806819v3

forth in a number of additional engagement letters (the "**Supplemental Application**"). The Court granted the relief requested in the Supplemental Application in an Order dated March 22, 2007 (the "**Supplement E&Y Order**").

## RELIEF REQUESTED

### E&Y LLP's Services

7. By this Application, the Debtors respectfully request entry of an order authorizing the Debtors to expand the services of E&Y LLP as their accountants and auditors, in accordance with the terms set forth in the Engagement Letters. The Debtors submit that, because the reports generated by E&Y LLP under the letters are required by the regulatory bodies that govern the Debtors' operations, it is necessary to employ and retain E&Y LLP pursuant to section 327(a) of the Bankruptcy Code to, *inter alia*:

(a) perform agreed-upon procedures services under the attestation standards of the American Institute of Certified Public Accountants ("**AICPA**") related to certain portions of the Annual Report of Hospitals and Hospital Healthcare Complexes, which procedures have been agreed to by TBHC's Board of Trustees and the New York State Department of Health (the "**Department**"), solely to assist the specified parties in evaluating TBHC's compliance with the New York State Department of Health, Commissioner of Health's Administrative Rules and Regulations, Part 86-1.6(a) for the year ended December 31, 2005;[3]

(b) perform agreed-upon procedures services under the attestation standards of the American Institute of Certified Public Accountants ("**AICPA**") related to certain portions of the Annual Report of Hospitals and Hospital Healthcare Complexes, which procedures have been agreed to by TBHC's Board of Trustees and the New York State Department of Health (the "**Department**"), solely to assist the specified parties in evaluating TBHC's compliance with the New York State Department of Health,

---

[3] See Exhibit A-1 for a more complete description of such services.

4

      Commissioner of Health's Administrative Rules and Regulations, Part 86-1.6(a) for the year ended December 31, 2006;[4]

(c)  perform agreed-upon procedures services under the attestation standards of the AICPA, which procedures have been agreed to by TBHC's Board of Trustees and the Department, solely to assist the specified parties in evaluating TBHC's compliance with subdivisions (9) and (12) of section 2807-k of New York State Public Health Law for the year ended December 31, 2006;[5]

8.  The Debtors have required and will require knowledgeable accountants and auditors to render these professional services. E&Y LLP is particularly well-suited to provide the type of professional services required by the Debtors. E&Y LLP has provided similar services to the Debtors pursuant to the Original E&Y Order, the Supplemental E&Y Order and in connection with its engagement prior to the Petition Date (since October 2002). In addition, as mentioned in the Original E&Y Application and the Supplemental E&Y Application, E&Y LLP is one of the world's leading accounting and auditing firms and has substantial experience in providing services for companies in connection with in- and out-of-court reorganizations. Thus, E&Y LLP and the professionals that it employs are qualified to represent the Debtors in the matters for which E&Y LLP is proposed to be employed. The Debtors seek to expand the engagement of E&Y LLP in order for E&Y LLP to provide the supplemental accounting and auditing services to the Debtors set forth in the Engagement Letters.

**E&Y LLP's Compensation**

9.  As with E&Y LLP's current engagement, subject to the Bankruptcy Court's approval and pursuant to the terms and conditions of the Engagement Letters, E&Y LLP

---

[4] See Exhibit A-2 for a more complete description of such services.

[5] See Exhibit A-3 for a more complete description of such services.

intends to charge the Debtors for the services rendered pursuant to the Engagement Letters based on hourly rates that are discounted from E&Y LLP's standard hourly rates for such services.

10. E&Y LLP's discounted hourly rates for the services to be rendered pursuant to the Engagement Letters attached hereto as Exhibits A-1 and A-2 are currently as follows:

| Partners and Principals | $657-699 |
| --- | --- |
| Executive Director | $641 |
| Senior Managers | $581-632 |
| Managers | $447-514 |
| Seniors | $333-413 |
| Staff | $202-253 |

11. E&Y LLP's discounted hourly rates for the services to be rendered pursuant to the Engagement Letter attached hereto as Exhibit A-3 are currently as follows:

| Partners and Principals | $607-645 |
| --- | --- |
| Executive Director | $592 |
| Senior Managers | $536-583 |
| Managers | $412-475 |
| Seniors | $307-382 |
| Staff | $187-233 |

12. E&Y LLP's hourly rates are revised periodically in the ordinary course of E&Y LLP's business. E&Y LLP will advise the Debtors of any new rates once they are established if a rate change is effective during the course of the engagement covered by the

Engagement Letters. In addition to the hourly rates set forth above, the Debtors will reimburse E&Y LLP for any direct expenses incurred in connection with E&Y LLP's retention in the Chapter 11 Cases and the performance of the services set forth in the Engagement Letters. E&Y LLP's direct expenses will include, but not be limited to, reasonable and customary out-of-pocket expenses for items such as travel, meals, accommodations and other expenses (including any reasonable fees or expenses of E&Y LLP's legal counsel) specifically related to this engagement.

13. The compensation arrangements provided for in the Engagement Letters are consistent with and typical of arrangements entered into by E&Y LLP and other accounting firms with respect to rendering comparable services for clients similar to the Debtors, both in and outside of bankruptcy. Subject to certain provisos described more fully in the Engagement Letters, the Debtors or E&Y LLP may terminate the Engagement Letters at any time, but in any event the Engagement Letters will terminate upon the effective date of the Debtors' confirmed plan of reorganization, or liquidation of the Debtors' assets under Chapter 11 or 7 of the Bankruptcy Code, or otherwise. E&Y LLP has informed the Debtors that E&Y LLP has not shared or agreed to share any of its compensation in connection with this matter with any other person. E&Y LLP intends to continue to apply to the Bankruptcy Court for payment of compensation and reimbursement of expenses in accordance with the terms of the Original E&Y Order.

### Disinterestedness of E&Y LLP

14. In connection with the filing the Supplemental E&Y Application in February 2007, E&Y LLP conducted a search of certain of its databases to determine whether E&Y LLP has any connection with any parties in interest in the Chapter 11 Cases (the "**E&Y**

**Conflict Check**").  The results of the E&Y Conflict Check were discussed in the Affidavit of Thomas Griffith (the "**Griffith Affidavit**"), which was filed contemporaneously with the Supplemental E&Y Application.  As only a few months have passed since the filing of the Supplemental E&Y Application, the Debtors and E&Y LLP do not think it would be prudent or efficient for E&Y LLP to conduct another full-blown conflict check or incur additional legal fees to prepare another Affidavit for purposes of this Application.  Instead, with respect to the disinterestedness of E&Y LLP, the Debtors will rely upon disclosures set forth in the Griffith Affidavit.  To the extent E&Y LLP is required to make additional disclosures under the Bankruptcy Code and the Bankruptcy Rules, E&Y will file a supplemental affidavit with the Court.

15. As set forth in the Griffith Affidavit, E&Y LLP has agreed that it will not accept any engagement that would render E&Y LLP to no longer be a "disinterested person" with respect to this engagement as that term is defined in section 101(14) of the Bankruptcy Code.

## PROCEDURE FOR APPROVAL OF ADDITIONAL SERVICES

16. As the Debtors work toward emerging from Chapter 11, the Company and E&Y LLP may agree to the performance of certain other auditing and accounting services (the "**Supplemental Services**").  In order to obtain Court approval for such Supplemental Services as expeditiously as possible and promote judicial economy and case management efficiency, the Debtors propose to file with the Court and serve upon (a) the Office of the United States Trustee; (b) counsel for the Committee; (c) counsel for the Debtors' pre and post-petition lenders; (the "**Notice Parties**") a notice of supplement to the E&Y LLP engagement (a "**Supplemental Notice**").

17.     Each Supplemental Notice shall set forth a description of services to be provided and the hourly rates of the personnel assigned to render such services and also attach any additional engagement letters as exhibits. The Debtors further propose that the Notice Parties shall have twenty (20) days from the date of service of the Supplemental Notice to object to the inclusion of the proposed Supplemental Services in E&Y LLP's engagement. Objections, if any, shall be served on the Notice Parties, E&Y LLP and the Debtors on or before the objection deadline. Upon the filing of such objection, the Debtors are authorized to schedule the matter for hearing before the Court at least fifteen (15) days after the date of the filing of the objection. If no such objection is filed, E&Y LLP is authorized to perform the services contemplated by the Supplemental Notice without further order of the Court. The Debtors believe that this process provides adequate notice and full disclosure of the services to be provided by E&Y LLP without the necessity of filing separate retention applications for each additional project.

## NOTICE

18.     In accordance with this Court's Order, dated November 3, 2005, establishing notice procedures for the Chapter 11 Cases, notice of this Application will be provided via first class mail to: (i) the Office of the United States Trustee; (ii) counsel to the Committee; (iii) counsel to the Debtors' pre- and post-petition lenders; (iv) counsel to E&Y LLP, and (v) those persons who have requested notice pursuant to Bankruptcy Rule 2002 prior to the filing of this Application. The Debtors respectfully submit that such notice is adequate and appropriate and that no other or further notice need be given.

19.     No previous application for the relief sought herein has been made to this Court or to any other court.

## WAIVER OF MEMORANDUM OF LAW

20. Pursuant to Local Bankruptcy Rule for the Eastern District of New York 9013-1(b), because there are no novel issues of law presented herein, the Debtors respectfully request that the Court waive the requirement that the Debtors file a memorandum of law in support of this Application. The Debtors reserve the right, however, to submit a reply memorandum of law in the event that objections to this Application are filed.

**[Remainder of Page Intentionally Left Blank]**

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as <u>Exhibit B</u>, (i) authorizing the Debtors to expand further the retention of E&Y LLP as accountants and auditors to the Debtors as set forth herein and (ii) granting such other and further relief as may be just and proper.

Dated: New York, New York
May 24, 2007

**STROOCK & STROOCK & LAVAN LLP**

/s/ Lawrence M. Handelsman
Lawrence M. Handelsman (LH-6957)
Eric M. Kay (EK-1515)
Omeca N. Nedd (ON-0769)
180 Maiden Lane
New York, NY 10038-4982
Telephone: (212) 806-5400
Facsimile: (212) 806-6006

Attorneys for the Debtors and
Debtors-in-Possession